IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                    Case No. 12-10131-JTM

JOHN WAYNE KING,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on two motions by defendant John Wayne King. King was arrested on April 20, 2011 for a probation violation. After he was removed from his vehicle, a canine unit alerted to it. A search revealed no drugs, but the police did find a firearm, and King was charged with being a felon in possession. King has moved to suppress the evidence obtained from the search, as well as to conduct discovery into the dog's certification, training, and performance. In order to more expeditiously resolve the issues raised by King's motions, the court will address the request for discovery prior to the hearing on the motion to suppress.

King's request for discovery is broad. He requests "the dog handler's report for the search in this case, the dog handler reports for all searches by this K-9 unit, all training

records for this K-9 unit, and all information regarding the success rate of this K-9 unit." (Dkt. 13, at 1). The government has supplied much of the requested information. Specifically, the government has supplied the K-9 unit's certification from 2010 and 2011, the utilization report for the present case, and the training records for the unit for year before the search.

The court finds that the proffered information is sufficient to evaluate the K-9's reliability in light of governing Tenth Circuit authority, and accordingly denies the discovery request to the extent that it seeks additional information beyond that already disclosed.

The Tenth Circuit has held that reliability may be established by a showing of training and certification (while also observing that even uncertified dogs may be shown to be reliable in a given case). Thus, "[w]hile ***successful completion of a training course and a current certification would be satisfactory***, we do not exclude the possibility that reliability can be established by other evidence." *United States v. Clarkson*, 551 F.3d 1196 (10th Cir. 2009) (emphasis added). *See also United States v. Bertram*, 307 Fed.Appx. 214, 215 (10th Cir.2009) (reliability is "normally, though not exclusively, established by presenting evidence regarding the canine's training and certification").

> [W]ith a canine, the reliability should come from the fact that the dog is trained and annually certified to perform a physical skill. When the annual certification process involves actual field testing and grading of the canine's drug-detection skills, the canine's reliability is sufficient for a probable cause determination absent some circumstance that justifies a more complete examination of the canine' skill and performance.

*United States v. Kennedy*, 131 F.3d 1371, 1378 (10th Cir. 1997), *cert. denied*, 525 U.S. 863, 119

S.Ct. 151, 142 L.Ed.2d 123 (1998) (quoting *United States v. Wood*, 915 F.Supp. 1126, 1136 n. 2 (D. Kan. 1996), *rev'd on other grounds*, 106 F.3d 942 (10th Cir.1997)).

As the Tenth Circuit recently indicated in *United States v. Ludwig*, 641 F.3d 1243, 1251-52 (10th Cir. 2011), reliability is generally to be grounded on evidence of certification and training, not statistical analysis of a given unit's actual performance records :

> And it surely goes without saying that a drug dog's alert establishes probable cause only if that dog is reliable. But none of this means we mount a full-scale statistical inquisition into each dog's history. Instead, courts typically rely on the dog's certification as proof of its reliability. After all, it is safe to assume that canine professionals are better equipped than judges to say whether an individual dog is up to snuff. And beyond this, a dog's credentials provide a bright-line rule for when officers may rely on the dog's alerts — a far improvement over requiring them to guess whether the dog's performance will survive judicial scrutiny after the fact. Of course, if a credentialing organization proved to be a sham, its certification would no longer serve as proof of reliability. But the judicial task, we hold, is so limited: to assessing the reliability of the credentialing organization, not individual dogs. And in this case there is no suggestion that the California Narcotic Canine Association, the organization that credentialed the drug dog in this case, is all smoke and mirrors.

Accordingly, courts have generally held that additional discovery is required only if there is some basis for deeming the dog unreliable. Such a showing might include "a poor accuracy record, if the dog's training was substandard, if the dog's health was in question, or if the circumstances of the search caused the Court to question the dog's reliability." *Wood*, 915 F.Supp. at 1136. *See generally United States v. Boxley*, 373 F.3d 759, 761 (6th Cir. 2004) (" it is not necessary to provide the dog's training and performance records [because] testimony as to the dog's record is sufficient").

The judges in this District have consistently applied this rule. *See United States v. Soto-Alanis*, No. 07-40149, 2008 WL 188418, *3 (D.Kan. April 28, 2008); *United States v. Lopez-*

*Salazar*, 2006 WL 1675671 (D. Kan. June 13, 2006); *United States v. Chavira*, 2005 WL 1213670 (D. Kan. May 18, 2005); *United States v. Lambert*, 351 F.Supp.2d 1154, 1162 (D.Kan.2004) (same).

The court notes that in connection with his motions, King has submitted to the court *amici* briefs recently submitted to the United States Supreme Court in *Florida v. Harris*, No. 11-817. That case is currently on appeal to the Supreme Court following the Florida Supreme Court's decision requiring the submission of field performance reports as a predicate to demonstrating canine reliability. It must be noted, however, that in that case the certification for the drug dog had expired, and the certification was for a different handler from the officer who conducted the search. *Harris v. State*, 71 So.3d 756 (Fla. 2011), *cert. granted,* 132 S.Ct. 1796 (2012). Accordingly, the decision is entirely consistent with the rule applied in the Tenth Circuit and this District, that additional information supporting liability will only be required in the absence of proof of timely certification, or in the event the defendant demonstrates some other reason to question a certified K-9 unit's reliability.

IT IS ACCORDINGLY ORDERED this 5th day of October, 2012, that the defendant's Motion for Discovery (Dkt. 13) is denied.

J. Thomas Marten
J. THOMAS MARTEN, JUDGE